# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN FINGER,<br><br>        Plaintiff,<br><br>    vs.<br><br>VICI PROPERTIES INC., JAMES R. ABRAHAMSON, DIANA F. CANTOR, MONICA H. DOUGLAS, ELIZABETH I. HOLLAND, CRAIG MACNAB, EDWARD B. PITONIAK, and MICHAEL D. RUMBOLZ,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Susan Finger ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through her counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for her Complaint:

## NATURE AND SUMMARY OF THE ACTION

1.  Plaintiff brings this action against VICI Properties Inc. ("VICI" or the "Company") and the members of VICI's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of their attempt to acquire MGM Growth Properties LLC ("MGP") through Venus Sub LLC ("REIT Merger Sub") (the "Proposed Transaction").

2.  On August 4, 2021, VICI and MGP, along with MGP's controlling shareholder MGM Resorts International ("MGM Resorts"), announced that they had entered into a Master Transaction Agreement dated August 4, 2021 (the "Merger Agreement") pursuant to which MGP

Class A stockholders will receive 1.366 shares of newly issued VICI stock for each Class A share of MGP stock they own (the "Stock Issuance"). MGM Resorts will receive $43.00 per unit in cash for the redemption of the majority of its MGP Operating Partnership units ("OP Units") that it holds for total cash consideration of approximately $4.4 billion. MGM Resorts will also retain approximately 12 million units in a newly formed operating partnership of VICI, VICI Properties OP LLC ("New VICI Operating Company").

3.  On September 23, 2021, VICI filed a Prospectus on Form 424B3 (the "Prospectus") with the SEC. The Prospectus is materially deficient and misleading because, *inter alia*, it fails to disclose material information regarding: (i) the Company's and MGP's financial projections; (ii) the data and inputs underlying the financial analyses that support the fairness opinion performed by the Company's financial advisor Morgan Stanley & Co. LLC ("Morgan Stanley"); and (iii) Morgan Stanley's potential conflicts of interest. Without additional information, the Prospectus is materially misleading in violation of the federal securities laws.

4.  The stockholder vote to approve the Stock Issuance is forthcoming. Under the Merger Agreement, following a successful stockholder vote, the Proposed Transaction will be consummated. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin defendants from conducting the stockholder vote on the Stock Issuance unless and until the material information discussed below is disclosed to the holders of the Company common stock, or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to

Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391 because: (i) the Company operates and maintains two of its casino properties in this District; (ii) one or more of the defendants either resides in or maintains executive offices in this District; and (iii) defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## THE PARTIES

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of VICI.

9. Defendant VICI is a Maryland corporation, with its principal executive offices located at 535 Madison Avenue, 20th Floor, New York, New York 10022. VICI's common stock trades on the New York Stock Exchange under the ticker symbol "VICI."

10. Defendant James R. Abrahamson is Chair of the Board and has served as a director of the Company since October 2017.

11. Defendant Diana F. Cantor has served as a director of the Company since May 2018.

12. Defendant Monica H. Douglas has served as a director of the Company since February 2020.

13. Defendant Elizabeth I. Holland has served as a director of the Company since January 2018.

14. Defendant Craig Macnab has served as a director of the Company since October 2017.

15. Defendant Edward B. Pitoniak has served as Chief Executive Officer of the Company and a director since October 2017.

16. Defendant Michael D. Rumbolz has served as a director of the Company since October 2017.

17. Defendants identified in paragraphs 10-16 are referred to herein as the "Board" or the "Individual Defendants."

18. Relevant non-party MGP is a Delaware corporation, with its principal executive offices located at 1980 Festival Plaza Drive, Suite 750, Las Vegas, Nevada 89135. MGP is a Delaware limited liability company that is primarily engaged in the business of owning, acquiring, leasing and investing in large-scale destination entertainment and leisure properties, whose tenants generally offer casino gaming, hotel, convention, dining, entertainment and retail and other amenities. MGP's common stock trades on the New York Stock Exchange under the ticker symbol "MGP."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company and the Proposed Transaction**

19. VICI is primarily engaged in the business of owning and acquiring gaming, hospitality and entertainment destinations, subject to long-term triple net leases. VICI's national, geographically diverse real estate portfolio currently consists of 28 market-leading properties,

including Caesars Palace Las Vegas and Harrah's Las Vegas, two of the most iconic entertainment facilities on the Las Vegas Strip.

20. On July 28, 2021, VICI announced its second quarter 2021 financial results, including: total revenues of $376.4 million for the quarter, an increase of 45.9% compared to $257.9 million for the quarter ended June 30, 2020; net income attributable to common stockholders of $300.7, or $0.54 per share, compared to $229.4 million, or $0.47 per share for the quarter ended June 30, 2020; and Adjusted Funds from Operations ("AFFO") attributable to common stockholders of $256.1, an increase of 45.3% compared to $176.3 million for the quarter ended June 30, 2020.

21. On August 4, 2021, VICI, MGM Resorts, and MGP issued a joint press release announcing the Proposed Transaction. The press release states, in relevant part:

> NEW YORK & LAS VEGAS -- VICI Properties Inc. (NYSE: VICI) ("VICI Properties" or "VICI"), MGM Growth Properties LLC (NYSE: MGP) ("MGP") and MGM Resorts International (NYSE: MGM) ("MGM Resorts"), MGP's controlling shareholder, announced today that they have entered into a definitive agreement (the "Master Transaction Agreement") pursuant to which VICI Properties will acquire MGP for total consideration of $17.2 billion, inclusive of the assumption of approximately $5.7 billion of debt. Upon completion of the merger, VICI will have an estimated enterprise value of $45 billion, firmly solidifying VICI's position as the largest experiential net lease REIT while also advancing VICI's strategic goals of portfolio enhancement and diversification.
>
> Under the terms of the Master Transaction Agreement, MGP Class A shareholders will receive 1.366 shares of newly issued VICI stock in exchange for each Class A share of MGP. The fixed exchange ratio represents an agreed upon price of $43.00 per share of MGP Class A shares based on VICI's trailing 5-day volume weighted average price of $31.47 as of July 30, 2021 and represents a 15.9% premium to MGP's closing stock price on August 3, 2021. MGM Resorts will receive $43.00 per unit in cash for the redemption of the majority of its MGP Operating Partnership units ("OP Units") that it holds for total cash consideration of approximately $4.4 billion and will also retain approximately 12 million units in a newly formed operating partnership of VICI Properties. The MGP Class B share that is held by MGM Resorts will be cancelled and cease to exist.
>
> Simultaneous with the closing of the transaction, VICI Properties will enter into an amended and restated triple-net master lease with MGM Resorts. The lease will

have an initial total annual rent of $860.0 million, inclusive of MGP's pending acquisition of MGM Springfield, and an initial term of 25 years, with three 10-year tenant renewal options. Rent under the amended and restated master lease will escalate at a rate of 2.0% per annum for the first 10 years and thereafter at the greater of 2.0% per annum or the consumer price index ("CPI"), subject to a 3.0% cap. Additionally, VICI will retain MGP's existing 50.1% ownership stake in the joint venture with Blackstone Real Estate Income Trust, Inc. ("BREIT JV"), which owns the real estate assets of MGM Grand Las Vegas and Mandalay Bay. The BREIT JV lease will remain unchanged and provides for current annual base rent of approximately $298 million and an initial term of 30 years, with two 10-year tenant renewal options. Rent under the BREIT JV lease escalates at a rate of 2.0% per annum for the first 15 years and thereafter at the greater of 2.0% per annum or CPI, subject to a 3.0% cap. On a combined basis, the MGM master lease and BREIT JV lease will deliver initial attributable rent to VICI of approximately $1.0 billion.

The transaction was approved by the Board of Directors of each of MGM Resorts, MGP and VICI Properties (and, in the case of MGP, the Conflicts Committee). The parties expect the transaction to close in the first half of 2022, subject to customary closing conditions, regulatory approvals and approval by the stockholders of VICI Properties. The VICI Properties Board of Directors and management team will remain unchanged.

Strategic Merits

- Immediately accretive to AFFO per share: The transaction extends VICI Properties' track record of consistent value creation since its formation in 2017 and is expected to provide immediate, high quality, accretion to AFFO per share upon closing

- Enhances portfolio quality, size, and scale at significant discount to replacement cost: VICI Properties will add 15 Class A entertainment resort properties spread across 9 regions comprising 33,000 hotel rooms, 3.6 million square feet of meeting and convention space and hundreds of food, beverage and entertainment venues to its portfolio at an estimated 30% to 40% discount to replacement cost. Following the transaction, approximately 55% of VICI's rent base will be generated by market-leading Regional properties while the remaining 45% will come from properties on the Las Vegas Strip

- Significantly diversifies tenant base: Upon closing, VICI Properties' top tenant concentration will be reduced to ~41% (from 84% currently) while 84% of VICI Properties' rent roll will be derived from S&P 500 tenants with a track record of having paid 100% of rent, on time and in cash throughout the COVID-19 pandemic

- Adds a global leader in hospitality and entertainment to tenant roster: The transaction adds a 55-year master lease, inclusive of tenant renewal options, with inflation protection through a CPI kicker and a corporate guarantee from MGM Resorts, an S&P 500 global entertainment company with national and international locations

- Bolsters retained cash flow and strengthens ability to fund accretive growth: Following the acquisition of MGP and the pending acquisition of the real estate of the Venetian Resort and Sands Expo Center, VICI Properties is expected to retain approximately $500 million of annualized free cash flow, after dividend payments, which may be deployed toward highly attractive growth opportunities across gaming and other experiential sectors

- Positions balance sheet for investment grade status: The transaction will position VICI Properties' balance sheet for investment grade status as VICI eliminates all of its existing secured debt and establishes an unencumbered asset pool

- Amplified index demand and trading liquidity: The transaction unlocks significant new index eligibility for MGP Class A shareholders while allowing investors in the combined company to benefit from index rebalancing, given the significantly larger size, and strong positioning for S&P 500 inclusion and enhanced trading liquidity

- Lower cost of capital given larger scale, diversity, improved credit profile and enhanced index inclusion: With improving cost of capital and retained cash flow, VICI is positioned to continue to grow its portfolio accretively in both gaming and non-gaming sectors

Additional details can be found in the Transaction Overview presentation posted on the VICI Properties website.

"Through this transformative strategic acquisition, we are merging MGP's best-in-class portfolio into VICI's best-in-class management and governance platform, creating the premier gaming, entertainment and leisure REIT in America," said Ed Pitoniak, CEO of VICI Properties. "We want to thank James Stewart, Andy Chien and the MGP Board for building and stewarding a portfolio of such exceptional quality, and going forward we are honored to become a key real estate and capital partner for Bill Hornbuckle and the MGM Resorts management team and Board. We look forward to supporting their strategic growth objectives for decades to come."

"After many years of growing both of our portfolios, combining them into one company will generate the best results for the shareholders of both companies," said James Stewart, CEO of MGP. "The combined company will create a superior platform for delivering exceptional returns to MGP's existing shareholders, by

improving diversification, increasing scale, lowering cost of capital and benefiting from future growth."

Bill Hornbuckle, CEO and President of MGM Resorts, said, "This transaction unlocks the significant real estate value of our assets, enhances our financial flexibility and strengthens our ability to execute key growth initiatives. We look forward to our long-term partnership with VICI."

Financing

VICI Properties has secured a $9.3 billion financing commitment from Morgan Stanley, J.P. Morgan and Citibank.

Advisors

Morgan Stanley & Co LLC is acting as lead strategic and financial advisor to VICI Properties on the transaction. Citigroup Global Markets Inc. is also acting as financial advisor to VICI Properties. Hogan Lovells US LLP and Kramer Levin Naftalis & Frankel LLP are serving as legal advisors to VICI Properties. Baker Botts LLP is serving as legal advisor to MGP. Evercore is acting as financial advisor and Potter Anderson & Corroon LLP is serving as legal advisor to the Conflicts Committee of the MGP Board of Directors. J.P. Morgan is acting as financial advisor and Weil, Gotshal & Manges LLP is serving as legal advisor to MGM Resorts.

**The Prospectus Misleads VICI Stockholders by Omitting Material Information**

22.  On September 23, 2021, defendants filed a materially misleading and incomplete Prospectus with the SEC. Designed to convince VICI's stockholders to vote in favor of the Stock Issuance, the Prospectus is rendered misleading by the omission of critical information concerning: (i) VICI's and MGP's financial projections; (ii) the data and inputs underlying the financial analyses performed by Morgan Stanley; and (iii) Morgan Stanley's potential conflicts of interest.

*Material Omissions Concerning VICI's and MGP's Financial Projections*

23.  The Prospectus is materially deficient because it fails to include material information about the Company's and MGP's financial projections.

24.  For example, the Prospectus fails to include (i) dividends per share; and (ii) net free cash flows for each of VICI and MGP over the projection period.

25.     The Prospectus further fails to disclose the line items underlying VICI and MGP's (i) Adjusted EBITDA; (ii) AFFO; and (iii) unlevered free cash flow.

26.     The omission of this material information renders certain portions of the Prospectus materially misleading, including, inter alia, the following section of the Prospectus: "Certain VICI Unaudited Prospective Financial Information."

***Material Omissions Concerning Morgan Stanley's Financial Analyses***

27.     The Prospectus fails to disclose material information concerning Morgan Stanley's financial analyses.

28.     The Prospectus describes Morgan Stanley's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of Morgan Stanley's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Morgan Stanley's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Morgan Stanley's fairness opinion in determining whether to vote in favor of the Stock Issuance.

29.     With respect to Morgan Stanley's *Comparable Public Company Analysis*, the Prospectus fails to disclose the individual multiples and financial metrics for each of the comparable companies observed in the analysis.

30.     With respect to Morgan Stanley's *Dividend Discount Analysis* of MGP Class A common shares, the Prospectus fails to disclose: (i) the implied present value of dividends per share that MGP was forecasted to generate for the period from July 1, 2021 through December 31, 2025; (ii) the estimated amount of AFFO per share used to derive the terminal value; and (iii) the inputs and assumptions underlying the discount rates ranging from 5.9% to 7.9%.

31.     With respect to Morgan Stanley's *Dividend Discount Analysis* of VICI common stock, the Prospectus fails to disclose: (i) the aggregate implied present value of dividends per share that VICI was forecasted to generate for the period from July 1, 2021 through December 31, 2025; (ii) the estimated amount of AFFO per share used to derive the terminal value; and (iii) the inputs and assumptions underlying the discount rates ranging from 6.7% to 8.7%.

32.     With respect to Morgan Stanley's *Discounted Cash Flow Analysis* of MGP, the Prospectus fails to disclose: (i) the net free cash flows that MGP was forecasted to generate during the six months ending December 31, 2021 through the twelve months ending December 31, 2025; (ii) the forecasted EBITDA of MGP for the twelve months ending December 31, 2026, used to derive the terminal value; and (iii) the inputs and assumptions underlying the discount rates ranging from 5.4% to 6.7%.

33.     With respect to Morgan Stanley's *Discounted Cash Flow Analysis* of VICI, the Prospectus fails to disclose: (i) the net free cash flows that VICI was forecasted to generate during the six months ending December 31, 2021 through the twelve months ending December 31, 2025; (ii) the forecasted EBITDA of VICI for the twelve months ending December 31, 2026, used to derive the terminal value; and (iii) the inputs and assumptions underlying the discount rates ranging from 5.9% to 7.3%

34.     With respect to Morgan Stanley's *Premiums Paid Analysis*, the Prospectus fails to disclose the individual premiums for each of the selected transactions analyzed by Morgan Stanley.

35.     Without such undisclosed information, VICI stockholders cannot evaluate for themselves whether the financial analyses performed by Morgan Stanley were based on reliable inputs and assumptions or whether they were prepared with an eye toward ensuring that a positive fairness opinion could be rendered in connection with the Proposed Transaction. In other words,

full disclosure of the omissions identified above is required in order to ensure that stockholders can fully evaluate the extent to which Morgan Stanley's opinion and analyses should factor into their decision whether to vote in favor of or against the Stock Issuance.

36. The omission of this material information renders certain portions of the Prospectus materially misleading, including, inter alia, the following sections of the Prospectus: "Opinion of VICI's Financial Advisor" and "Certain VICI Unaudited Prospective Financial Information."

***Material Omissions Concerning Morgan Stanley's Potential Conflicts of Interest***

37. The Prospectus fails to disclose material information concerning the conflicts of interest faced by Morgan Stanley.

38. The Prospectus sets forth:

> In the thirty months prior to the date of its opinion, Morgan Stanley and its affiliates have provided financial advisory and financing services to VICI and have received approximately $30 million to $55 million in connection with such services. In the thirty months prior to the date of its opinion, Morgan Stanley and its affiliates have provided financial advisory and financing services to MGP and have received approximately $10 million to $20 million in connection with such services. In the thirty months prior to the date of its opinion, Morgan Stanley and its affiliates have provided financial advisory and financing services to MGM and have received approximately $5 million to $15 million in connection with such services.

Prospectus at 90-91. The Prospectus fails, however, to disclose the specific details of the services that Morgan Stanley has provided to VICI, MGM and MGP.

39. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

40. The omission of this material information renders certain portions of the Prospectus materially misleading, including, inter alia, the following section of the Prospectus: "Opinion of VICI's Financial Advisor."

41. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

42. Plaintiff repeats all previous allegations as if set forth in full.

43. During the relevant period, defendants disseminated the false and misleading Prospectus specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

44. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Prospectus. The Prospectus was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about the Company's and MGP's financial projections, the financial analyses performed by the Company's financial advisor Morgan Stanley, and potential conflicts of interest faced by Morgan Stanley. The defendants were at least negligent in filing the Prospectus with these materially false and misleading statements.

45. The omissions and false and misleading statements in the Prospectus are material in that a reasonable stockholder would consider them important in deciding how to vote on the Stock Issuance.

46. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

47. Because of the false and misleading statements in the Prospectus, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

48. Plaintiff repeats all previous allegations as if set forth in full.

49. The Individual Defendants acted as controlling persons of VICI within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of VICI, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Prospectus filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Prospectus and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

51. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein and exercised the same. The Prospectus at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Prospectus.

52. In addition, as the Prospectus sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Prospectus purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

53. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

54. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, VICI's stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of VICI, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Stock Issuance;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

E. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: October 21, 2021           **WEISSLAW LLP**

By  /s/ Mark D. Smilow
Mark. D. Smilow
305 Broadway, 7th Floor
New York, New York 10007
Tel: (212) 682-3025
Fax: (212) 682-3010
Email: msmilow@weisslawllp.com

-and-

**OF COUNSEL:**

**BRAGAR EAGEL & SQUIRE, P.C.**
Alexandra B. Raymond
810 Seventh Avenue, Suite 620
New York, NY 10019
Tel: (646) 860-9158
Fax: (212) 214-0506
Email: raymond@bespc.com

*Attorneys for Plaintiff*

Richard A. Acocelli (to be admitted *pro hac vice*)
305 Broadway, 7th Floor
New York, New York 10007
Tel: (212) 682-3025
Fax: (212) 682-3010
Email: racocelli@weisslawllp.com

*Attorneys for Plaintiff*